[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff Wife and the Defendant Husband were married on May 23, 1981 at Groton, Connecticut. There are two minor children issue of this marriage to wit: David J. Jones born June 17, 1983 and Michael Jones born February 17, 1987.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
One of the major issues in this case involves the custody of the minor children. By the conclusion of the hearing both parties requested that the court order joint legal custody. The issue to be resolved, however, relates to the physical residence of the children.
The Defendant Husband who is in the United States Navy, has been transferred to Panama City, Florida, where he was previously stationed and where the parties occupied a home that they still own. The Plaintiff Wife desires to remain in Connecticut where CT Page 4894 most of her immediate family resides. Both parties wish to have the children reside primarily with them.
The children were represented by counsel and a custody study was conducted by the Family Services Unit of this court.
After a thorough review of all of the evidence presented to this court and after giving due consideration to the best interests of the children, the following order shall enter:
The Plaintiff Wife and the Defendant Husband shall share joint legal custody of the minor children. The primary residence of the minor children shall be with the Defendant Husband and he may remove them to the Panama City, Florida area subject to the following conditions:
(a) The children shall be with the Plaintiff Wife in Connecticut from July 27, 1991 to August 18, 1991. Commencing in 1992 and thereafter they shall spend their entire summer school vacation in Connecticut with the Plaintiff Wife.
(b) The children shall be with the Plaintiff wife in Connecticut on alternating Thanksgiving, Christmas, Winter and Spring school recesses, to commence with Thanksgiving 1991 being with the Defendant Husband, Christmas 1991 being with the Plaintiff Wife, Winter recess 1992 being with the Defendant Husband, Spring recess 1992 being with the Plaintiff Wife, and alternating thereafter.
(c) The Plaintiff Wife may visit with the children in Florida at all reasonable times provided she gives the Defendant Husband reasonable notice of such visitation.
(d) The minor children shall be with the Plaintiff Wife on such other and further times as the parties shall mutually agree.
These custody orders shall be subject to the following conditions:
(a) Each party shall have reasonable telephone access to the children when they are with the other party.
(b) Each party shall keep the other informed of all major issues involving the health, education and welfare of the children and each party shall furnish the other with copies of any reports from third persons concerning the health, education or welfare of said children.
(c) The Defendant Husband shall not change the principal residence of the children from the Panama City, Florida area CT Page 4895 without giving the Plaintiff Wife at least 90 days prior written notice.
(d) All costs of transportation of the children to and from Connecticut to be with the Plaintiff Wife as herein specified shall be at the sole cost and expense of the Defendant Husband until the summer of 1993 at which time said costs shall commence to be shared equally by the Plaintiff Wife and the Defendant Husband.
In addition, the court has taken into consideration all of the factors contained in Sections 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes and further orders as follows:
1. All of the right, title and interest of the Plaintiff Wife in and to the real property located at 1511 Mississippi Avenue, Lynn Haven, Florida is hereby assigned to the Defendant Husband subject of all encumbrances thereon which encumbrances shall be the sole obligation of the Defendant Husband and he shall indemnify and hold the Plaintiff Wife harmless therefrom. The Plaintiff Wife shall forthwith execute any and all documents necessary to effect this transfer.
2. The Defendant Husband shall pay to the Plaintiff Wife the sum of $1.00 per year as alimony until his death, the death or remarriage of the Plaintiff Wife or five years from the date hereof, whichever event shall first occur.
3. For any period of time that the children are residing with the Plaintiff Wife the Defendant Husband shall pay to the wife as child support the sum of $100.00 per week per child, to be prorated for any portion of a week.
4. The Defendant Husband shall continue to keep the minor children covered by all health insurance and health benefits available to him through the United States Navy or any other employer. All uninsured or unreimbursed medical or dental expense incurred on behalf of the minor children shall be paid equally by the Plaintiff Wife and the Defendant Husband, provided, however, that except in the case of an emergency no such expense for which the Plaintiff Wife might be liable shall be incurred without her consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of Section 46b-84 (c) of the Connecticut General Statutes.
5. If there are ae any health insurance or health benefits available to the Plaintiff Wife through the United States Navy after the marriage has been dissolved, the Defendant Husband shall take all steps necessary to see that they are made CT Page 4896 available to her. Provided, however, that if there is any cost involved the same shall be paid by the Plaintiff Wife.
6. If the parties are unable to agree on the division of their household goods and furnishings then by agreement of the parties, the issue shall be submitted to an attorney arbitrator whose decision shall be binding. Such arbitrator shall be selected by agreement of the attorney for the Plaintiff Wife and the attorney for the Defendant Husband.
7. The Defendant Husband shall maintain all life insurance made available to him by the United States Navy for the benefit of the minor children until such children reach the age of majority.
8. By agreement of the parties the fees of Attorney Robert A. Avena, the attorney for the minor children, in the amount of $3600.00 shall be paid equally by the Plaintiff Wife and the Defendant Husband. Said payments shall be made within 60 days of the date hereof.
9. The Defendant Husband shall contribute the sum of $3000.00 towards the attorney's fees owed by the Plaintiff Wife to her Attorney, Gary Traystman, for services rendered in this matter. Said sum shall be payable at the rate of $100.00 per month commencing August 1, 1991.
10. All of the liabilities shown on the financial affidavits of the parties filed with this court on June 18, 1991 shall be the sole obligation of the party upon whose affidavit said liability appears and they shall indemnify and hold the other party harmless therefrom.
11. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on June 18, 1991 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
FREDERICK A. FREEDMAN, JUDGE